IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EDGAR HERNANDEZ SOTO,           §
                                §
                  *Petitioner*, §
                                §
v.                              §    No. 1:26-CV-01073-DAE
                                §
BLANCHE, *et al*.,              §
                                §
                  *Respondents*. §

ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court is Edgar Hernandez Soto's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("the Petition") (Dkt. # 1), Federal Respondents'[1] Response (Dkt. # 5), Petitioner's Reply (Dkt. # 6), Federal Respondents' Supplemental Briefing (Dkt. # 9), and Petitioner's Supplemental Briefing (Dkt. # 10). The Court requires more information before it can rule on the Petition.

As the Court has previously noted, in their Response, Federal Respondents argue that, in addition to being subject to mandatory detention under 8 U.S.C. § 1225, Petitioner is subject to mandatory detention under 8 U.S.C.

---

[1] Federal Respondents include Todd Blanche, United States Attorney General; Markwayne Mullin, Secretary of the Department of Homeland Security ("DHS"); Todd M. Lyons, Director of U.S. Immigration and Customs Enforcement ("ICE"); and Miguel Vergara, Field Office Director, San Antonio Field Office, Immigration and Customs Enforcement.

§ 1226(c) in connection with Petitioner's conviction for resisting arrest.  (Dkt. # 5 at 12–13.)  However, albeit provided in a slightly different context, courts have repeatedly stated that "Sections 1225 and 1226 are 'mutually exclusive.'" Rodriguez-Acurio v. Almodovar, 811 F. Supp. 3d 274 (E.D.N.Y. 2025), appeal dismissed, No. 26-219, 2026 WL 1208948, at *311 (2d Cir. Feb. 25, 2026) (quoting Lopez Benitez v. Francis, 795 F. Supp. 3d 475, 485(S.D.N.Y. 2025)). Indeed, given that the two provisions at issue, 8 U.S.C. § 1225(b) and 8 U.S.C. § 1226(c), operate entirely differently and have entirely different provisions for release, the Court is skeptical of the Government's ability to assert both simultaneously.  See 8 U.S.C. § 1226(c)(4) (describing the limited circumstances that noncitizens held under § 1226(c) may be released); Jennings v. Rodriguez, 583 U.S. 281, 283 (2018) ("There is also a specific provision authorizing temporary parole from § 1225(b) detention "for urgent humanitarian reasons or significant public benefit," § 1182(d)(5)(A) . . . That express exception implies that there are no other circumstances under which aliens detained under § 1225(b) may be released.").

Accordingly, the Court **ORDERS** that Respondents file supplemental briefing **on or before 12:00 p.m. on Wednesday, May 27, 2026,** identifying which detention authority they are relying on to detain Petitioner in this case.

2

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, May 22, 2026.

_____
David Alan Ezra
Senior United States District Judge